**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 25-4135**

────────────

UNITED STATES OF AMERICA,

>      Plaintiff - Appellee,

>   v.

EDWARD KEITH PERKINS,

>      Defendant - Appellant.

────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:24-cr-00158-1)

────────────

Submitted:  October 16, 2025                          Decided:  October 21, 2025

────────────

Before KING, AGEE, and RICHARDSON, Circuit Judges.

────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

────────────

**ON BRIEF:**  Charles T. Berry, Kingmont, West Virginia, for Appellant.  Judson Campbell MacCallum, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Keith Perkins pled guilty, pursuant to a written plea agreement, to attempted possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. The district court sentenced him to 180 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Perkins's sentence is procedurally and substantively reasonable. Perkins has filed a pro se supplemental brief, arguing that the Government breached the plea agreement by proffering evidence of relevant conduct at sentencing that was not stipulated to in the agreement. The Government moves to dismiss Perkins's appeal pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citation modified).

2

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Perkins knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable. The sentencing issues raised in the *Anders* brief fall squarely within the waiver's scope. Furthermore, contrary to Perkins's argument in his supplemental brief, the Government made no promises regarding the scope of relevant conduct applicable at sentencing, and there is no other evidence that the Government breached the terms of the plea agreement.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Perkins's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

This court requires that counsel inform Perkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Perkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*